IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2025

## TONY MAR-KEE MOSLEY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Obion County**
**No. 2024-CR-110   Jeff Parham, Judge**

_____

### No. W2024-01909-CCA-R3-PC

_____

Petitioner, Tony Mar-Kee Mosley, appeals the Obion County Circuit Court's summary dismissal of his petition for post-conviction relief. Following our review of the entire record, the briefs of the parties, and the applicable law, we conclude that Petitioner filed an untimely notice of appeal and the interest of justice does not warrant a waiver of the notice requirement. Therefore, we dismiss this appeal as untimely.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and CAMILLE R. MCMULLEN, J., joined.

Tony Mar-Kee Mosley, Pro Se, Whiteville, Tennessee.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Colin Johnson, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

On April 15, 2019, Petitioner pled guilty to bribery of a witness and violation of an order of protection ("bribery case"). The victim on both counts was Decora Alexander. Pursuant to the plea agreement, Petitioner was granted judicial diversion and placed on supervised probation for four years.

Less than one month later, on May 11, 2019, Petitioner stabbed and killed the victim from the bribery case. Following a jury trial, Petitioner was convicted of second degree murder and was sentenced to serve twenty-five years. *See, e.g., State v. Mosley*, No. W2022-01424-CCA-R3-CD, 2024 WL 1406156 (Tenn. Crim. App. Apr. 2, 2024), *perm. app. denied.* (Tenn. July 18, 2024).[1] He received a twenty-five-year sentence. *Id.* at *21-22. The trial court found Petitioner in violation of the terms of judicial diversion in the bribery case, entered conviction, and sentenced him to serve four years consecutively to the murder conviction for a total effective sentence of twenty-nine years. On direct appeal, this court affirmed the judgment of conviction and the supreme court declined review on July 18, 2024. *Id.* at *22.

Petitioner thereafter filed a pro se petition for post-conviction relief attacking the bribery conviction only. The petition was file-stamped November 12, 2024. In his petition, Petitioner noted that he delivered the petition to prison authorities for mailing "November 2024." The petition shows that it was notarized on November 5, 2024.

Petitioner acknowledged that his post-conviction petition was filed outside the one-year statute of limitations but claimed that it was based on "new scientific evidence" not in his possession when he pled guilty to the bribery charge. The police report in the bribery case alleged that Petitioner had offered the victim $3,000 not to testify. Petitioner claimed he had discovered text messages exchanged between the State and the victim in which the State informed the victim it could not find any evidence of the alleged bribe, and the victim admitted no such offer had been made.

Petitioner argued that the text exchange constituted exculpatory evidence that would have revealed "inconsistencies in the victim's account" of the bribery. He contended that he did not have access to this evidence prior to entering his guilty plea and asserted that trial counsel rendered ineffective assistance by failing to discover it.

On November 15, 2024, the post-conviction court entered an order summarily dismissing Petitioner's post-conviction petition as time barred. Petitioner subsequently filed a notice of appeal which was file-stamped December 20, 2024. In the notice, Petitioner implicitly acknowledged the untimeliness of the filing by requesting that this Court calculate the deadline for perfecting his appeal from the date the prison received the dismissal order, rather than the date it was entered by the court:

> The petitioner avers that he is a prisoner of Whiteville Correctional Facility in Whiteville, T[ennessee]. He further avers that the prison received his final

---

[1] This court granted Petitioner's motion to take judicial notice of the records in the direct appeal of the second degree murder case in consideration of his appeal.

- 2 -

judgment on November 26, 2024. Therefore he prays this court will consider this notice of appeal as timely filed. This document is being given to prison authorities to be mailed on December 18, 2024.

## Analysis

Petitioner concedes that his petition for post-conviction relief was untimely filed. However, he asserts on appeal that he is entitled to tolling of the one-year statute of limitations because the post-conviction form given to him by the prison failed to include a cover sheet informing him to include reasons for due process tolling. The State responds that Petitioner filed an untimely notice of appeal, the post-conviction court properly dismissed the petition for post-conviction relief as untimely, and that no circumstances require tolling the statute of limitations.

Initially, we must address the timeliness of the appeal. Tennessee Rule of Appellate Procedure 4(a) states that the notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" In the case of a pro se petitioner who is incarcerated, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). "Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision." *Id.*; *see* Tenn. Sup. Ct. R., 28, § 2(G), Tenn. R. Crim. P. 49(d).

"[H]owever, in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver." *Rockwell*, 280 S.W.3d at 214. "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *Id.* (quoting *State v. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)). Also relevant is whether there has been a request for waiver. *Id.* (considering the State's failure to seek waiver of its untimely notice of appeal in determining whether the interest of justice would favor waiver); *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *6 (Tenn. Crim. App. Nov. 9, 2023) (finding defendant's failure to seek waiver was a relevant factor that weighed against waiver), *perm. app. denied* (Tenn. May 16, 2024). The appealing party "bears the responsibility to properly perfect his appeal or to demonstrate that the 'interests of justice' merit waiver of an untimely filed notice of appeal." *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023) (internal citation omitted); Tenn. R. App. P. 4(a).

In this case, the post-conviction court entered its order dismissing the petition on November 15, 2024. Petitioner's notice of appeal was file-stamped on December 20, 2024. In the notice, Petitioner stated that he delivered the document to prison authorities for mailing on December 18, 2024. Even affording Petitioner the benefit of the earlier date under the prison mailbox rule, the notice of appeal was still untimely in that it was filed two days beyond the December 16, 2024, deadline.[2]

We conclude that nothing in the record supports a finding that the interest of justice would be served by waiving the untimely filing of Petitioner's notice of appeal. Petitioner did not request a waiver, and the nature of the issue presented does not warrant such an extraordinary remedy.

First, because Petitioner requests this court consider November 26, 2024, as the operative date for calculating the timeliness of his appeal, he does not directly address the untimely nature of the notice of appeal, nor does he request that this Court waive the filing requirement in the interest of justice. In his brief, Petitioner maintains that the appeal was timely filed.

Petitioner is no stranger to appellate procedure, as evidenced by the procedural history in this case. He has filed nine motions, including a motion to accept a late-filed brief and multiple motions for extensions of time to file his brief. Despite this demonstrated familiarity with appellate practice, Petitioner failed to address the issue of the timeliness of his notice of appeal – an issue prominently raised by the State as its first argument in its responsive brief. Petitioner's decision to presume waiver without requesting it, coupled with his failure to respond to the State's argument on this point, weighs heavily against granting a waiver in the interest of justice. *Manning*, 2023 WL 7439203, at *5-6 (declining to waive untimely notice of appeal, in part, where defendant maintained twice in his principal brief that the notice of appeal had been timely filed); *see also Wade v. State*, No. W2021-01419-CCA-R3-PC, 2022 WL 4115374, at *1 (Tenn. Crim. App. Sept. 9, 2022), *perm. app. denied* (Tenn. Jan. 12, 2023); *State v. Sexton*, No. E2009-00292-CCA-R3-CD, 2010 WL 3928654, at *2 (Tenn. Crim. App. Oct. 6, 2010).

Second, the nature of the issue weighs against waiver. In this appeal, Petitioner attacks the post-conviction court's summary dismissal of his untimely filed post-conviction petition. Petitioner pled guilty to bribery on April 15, 2019. Because there was no direct appeal, the judgment became final thirty days later on May 15, 2019. *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). Thus, the petition filed on November 12, 2024, more than

---

[2] We note that December 15, 2024, was a Sunday. Tenn. R. App. P. 21(a) (providing rules of time computation).

four years after the one-year statute of limitations expired on May 13, 2020, was untimely. T.C.A. § 40-30-102(a).

Petitioner maintains that his post-conviction petition meets one of the statutory exceptions to the statute of limitations. And for the first time on appeal, he contends that due process considerations should toll the statute of limitations.

A person in custody under a sentence of a court of this state must petition for post-conviction relief "within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final." T.C.A § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.* "An untimely post-conviction petition divests the post-conviction court of subject matter jurisdiction and is subject to summary dismissal." *Lowe v. State*, 703 S.W.3d 319, 330 (Tenn. Crim. App. 2024) (citing T.C.A. §§ 40-30-102(b); -106(b)).

Tennessee Code Annotated section 40-30-102(b) sets forth three exceptions to the statute of limitations for filing for post-conviction relief. Here, Petitioner claims that his petition meets the statutory exception of a claim "based on new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted[.]" *Id.* § 40-30-102(b)(2). In addition to the statutory exceptions, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. *Whitehead v. State*, 402 S.W.3d 615, 623-24 (Tenn. 2013). To succeed upon such a claim, a petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Id.* at 631 (citing *Holland v. Florida*, 560 U.S. 631, 648-49 (2010)). To comply with due process, petitioners must be afforded an opportunity to seek post-conviction relief "at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). "Absent sufficient facts establishing a petitioner is entitled to due process tolling, an untimely petition must be dismissed." *Lowe*, 703 S.W.3d at 331 (citing *Burford*, 845 S.W.2d at 208).

"The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." *Bush v. State*, 428 S.W.3d 1, 16 (Tenn. 2014) (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011)).

Petitioner asserts that the State withheld text messages exchanged between the victim and the lead prosecutor in his bribery case, which he claims he did not discover until March 2022. In his brief, he states that he "finally" located the messages while reviewing "millions of other electronic files" in "another court case." He argues that the text messages qualify as "new" evidence because they were not disclosed prior to his guilty plea in April 2019. He characterizes them as "scientific" due to their transmission via electronic digital smartphones.

Setting aside the fact that Petitioner's reliance on cell phone text messages does not meet the statutory definition of "scientific evidence," Petitioner ignores the most critical requirement of the statutory exception: that the evidence must establish actual innocence. T.C.A. § 40-30-102(b)(2). He does not argue that the text messages demonstrate his innocence of the bribery charge. Rather, he contends that they would call into question the victim's credibility. "[I]n the post-conviction context, our supreme court has said plainly that 'actually innocent of the offense' means nothing other than that the person did not commit the crime." *Maze v. State*, No. M2024-00666-CCA-R3-PC, 2025 WL 3066297, at *34 (Tenn. Crim. App. Oct. 31, 2025) (quoting *Keen v. State*, 398 S.W.3d 594, 612 (Tenn. 2012), *perm. app. filed*. Petitioner's claim does not satisfy the statutory standard; the exception does not apply to his case.

Furthermore, the discovery of the text messages demonstrates that Petitioner did not diligently pursue his rights. Petitioner claims he discovered the text messages in March 2022; yet he waited two and a half years before filing his post-conviction petition in November 2024. Because this Court has taken judicial notice of the direct appeal records in the second degree murder case, we are aware that the victim's text messages were included in the evidence supporting Petitioner's conviction in that case. *Mosley*, 2024 WL 1406156, at *5. These messages, along with other electronic media, were part of the discovery Petitioner persistently sought – both while represented by counsel and during periods of self-representation. *Id.* at *1-3. His efforts in that case demonstrate his capacity to diligently pursue his legal rights. In contrast, he made no comparable effort in the present case.

Petitioner has failed to demonstrate or allege that an extraordinary circumstance prevented him from timely filing his post-conviction petition. On appeal, Petitioner attributes the delay to "prison issues." However, because he raises this explanation for the first time on appeal, it is accordingly waived. *See State v. Allen*, 593 S.W.3d 145, 154 (Tenn. 2020) (stating that "[g]enerally, issues raised for the first time on appeal are waived."). Moreover, he relies on several inmate grievance forms appended to his brief – documents that are not part of the appellate record and thus cannot be considered by this court. *See* Tenn. R. App. P. 28(a) (stating that any documents included in the appendix must be in the appellate record). Thus, we conclude that "the interest of justice" does not

warrant waiver of the timely filing of the notice of appeal requirement, and we dismiss the appeal as untimely.

## Conclusion

Because the interest of justice does not require a waiver of the timely filing of the notice of appeal, the appeal is dismissed.

s/*Jill Bartee Ayers*
JILL BARTEE AYERS, JUDGE